OTT, Judge, specially
concurring.
There is no dispute over the initial question here. When a sixteen or seventeen-year-old juvenile has been directly informed against by the state attorney, before the Adult Division of the Circuit Court can impose any adult sanctions against him the court must consider, and make specific findings of fact regarding, the criteria specified by section 39.111(6), Florida Statutes. State v. Cain, 381 So.2d 1361 (Fla.1980).
But must the court continue to do so again and again, each and every time the juvenile comes before the court for further proceedings arising out of the same charges? In my opinion, once the court has determined that the circumstances of the offense do not warrant juvenile treatment, it is an unwarranted imposition to require the court to reconsider that decision. Will the passage of time somehow change those circumstances? I think not.
The mandate for initial consideration of the factors for determining whether a juvenile should be treated as an adult is a worthwhile procedure conducive to social justice. However, courts are far too busy for eternal afterthoughts and second guessing, whose sole effect could be only the eventual repudiation of the first decision.
When the court below imposed an adult sanction (probation) against appellant without considering the governing criteria, it erred. Appellant should have and could have appealed. But, evidently pleased with the court’s action, he did not bring the error to our attention, nor even to the attention of the erring court below. Knowing full well the conditions of his probation, and the consequences of violating them, he chose to take his chances. I think we should not encourage criminal defendants to look upon a procedural error as a secret ace in the hole, for future use.